# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

:Candy-Anh-Thu:Tran,

v.

SANDRA LEZLIE DANIEL, et al.,

Defendants.

Case No. 17-cv-04243-BLF

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

[Re: ECF 31]

:Candy-Anh-Thu:Tran initiated this action on July 26, 2017 against Defendants Sandra Lezlie Daniel, Terri Lynn Stinson, Thomas Michael Scott, and Cambridge Management Company, Inc.[1] (collectively, "Defendants"). *See* ECF 1. Defendants moved to dismiss the complaint, and :Candy-Anh-Thu:Tran filed an amended complaint as of right, although the allegations against Defendants remained substantially the same as the original complaint. *See* Amended Complaint, ECF 17. On November 28, 2017, Defendants moved to dismiss the Amended Complaint for failure to state a claim. *See* ECF 31 ("Mot."). :Candy-Anh-Thu:Tran's opposition to the motion to dismiss was due on or before December 12, 2017, but no opposition was filed with the Court or served on Defendants. *See* Civ. L. R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."); *see also* Defendants' Notice of Non-Opposition, ECF 36.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and VACATES the hearing on Defendants' Motion to Dismiss the Amended Complaint scheduled for February 15, 2018. For the reasons that follow, Defendants' motion to dismiss the Amended Complaint is GRANTED WITHOUT LEAVE TO AMEND.

---

[1] Erroneously sued as "CAMDRIDGE MANAGEMENT." *See* ECF 17.

## I. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar,* 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 690 (9th Cir. 2011).

However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. DISCUSSION

Like its predecessor, the Amended Complaint in this civil action sounds in criminal law. :Candy-Anh-Thu:Tran captions the pleading as an "Affidavit of Information Felonies, High Crimes and Misdemeanors," and labels it a "Criminal Complaint." *See* Amended Complaint at 1. Moreover, :Candy-Anh-Thu:Tran refers to the Defendants as "wrongdoers" and accuses them of committing crimes in a detailed but largely incomprehensible "crime list." *Id*. at 6. As the Court previously held in its denial of :Candy-Anh-Thu:Tran's motion for summary judgment/default judgment in this action, :Candy-Anh-Thu:Tran does not have standing to bring a criminal complaint against Defendants. *See* ECF 13.

Individuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office. *See, e.g.*, *Harbor v. Kim*, No. ED CV 16-01906-GW-KS, 2017 WL

443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Because :Candy-Anh-Thu:Tran lacks standing to bring criminal charges, Defendants' motion to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED WITHOUT LEAVE TO AMEND.

The Amended Complaint also fails to state a claim pursuant to Rule 12(b)(6). Defendants argue that the Amended Complaint is generally so unintelligible as to fail to provide Defendants with notice of the claims against them. *See* Mot. at 2. The Court agrees. The Amended Complaint does not contain any coherent causes of action, but rather lists a number of crimes as well as various California Civil, Penal and Government Code sections, without any factual allegations to render any claim for relief plausible on its face. *See Iqbal*, 556 U.S. at 678. Bare accusations without any facts or context that Defendants committed "treason" and "slavery," are insufficient to put Defendants on notice of the claims against them. *See Twombly*, 550 U.S. at 555 ("[P]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations and quotations omitted). Ultimately, the Amended Complaint does not provide a "short and plain statement" of this Court's jurisdiction or :Candy-Anh-Thu:Tran's entitlement to relief. *See* Fed. R. Civ. P. 8(a). Defendants' motion to dismiss the Amended Complaint is therefore GRANTED WITHOUT LEAVE TO AMEND.

Although Rule 15 provides that leave to amend shall be "freely given" when justice so requires, courts consider five factors to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these so-called *Foman* factors, prejudice is the weightiest and most important. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The prejudice to Defendants in this case is

3

substantial. The Amended Complaint accuses Defendants of serious criminal acts without any supporting factual allegations. Moreover, :Candy-Anh-Thu:Tran has already amended the original complaint, and further amendment would be futile because :Candy-Anh-Thu:Tran does not have standing to bring a criminal complaint against Defendants and the Court can think of no set of facts that would permit :Candy-Anh-Thu:Tran to plead a valid cause of action.

**III. ORDER**

For the foregoing reasons, the Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction and failure to state a claim.

The Clerk shall close the file.

Dated: December 20, 2017

_____
BETH LABSON FREEMAN
United States District Judge